**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JANICE MYERS,**

**Plaintiff,**

**vs.**                                          **Case No. 4:08cv8-RH/WCS**

**GOLDCO, INC.,**

**Defendant.**

_____/

**O R D E R**

Defendant has filed a motion to compel.  Doc. 16.  Plaintiff has responded.  Doc.

20.  With leave of court, Defendant has replied.  Doc. 23.

**Good faith conferral**

Plaintiff contends that Defendant did not confer in good faith before filing this

motion.  Doc. 20, pp. 1-2.  Plaintiff represents that on April 4, 2008, the parties

discussed "several issues."  _Id._, p. 2.  Plaintiff states that "counsel," presumably the

attorney for Defendant, was to call again to resolve issues, particularly with respect to

Plaintiff's work product objections.  _Id._  Defendant, on the other hand, represents that

on April 4, 2008, the parties discussed the disputed issues "item-by-item."  Doc. 23, p. 2.

The burden of showing that there was good faith conferral as to every issue raised by a motion to compel is upon the movant.  I am not convinced that Defendant raised every single issue with Plaintiff that has now been presented in this motion to compel.  Plaintiff has identified particular discovery requests as to which Plaintiff contends there was no discussion.  On the other hand, Defendant did not need to wait until Plaintiff completed research on the work product objection, and it was not a violation of the requirement of a good faith conferral that the motion was filed without further delay.  That work product research should have been completed before Plaintiff made the formal objection in the first place.  There was enough good faith conferral here to adjudicate the motion.

**Interrogatory 2**

Plaintiff asserts in response to the motion to compel as to interrogatory 2 that "with the exception of information sought in 2c, no information was withheld from Defendant on the basis of any objections."  Doc. 20, p. 4.  Plaintiff lodged these privilege objections to all parts of interrogatory 2, not just to 2c.  If Plaintiff is stating that the information sought by interrogatories 2a and 2b was not privileged, then why did Plaintiff assert the privilege objection in the first place?

Further, Plaintiff responded initially that she would answer the interrogatories "subject to and without waiving these objections."  This commonly used equivocation is ineffective.  Except for inadvertent disclosures, a party cannot produce something without waiving the objection.  Worse, this kind of equivocal response to discovery

leaves the opposing party in the dark as to whether something unidentified has been withheld.

The privileges objection to interrogatory 2, however, was properly presented and was preserved.[1] FED. R. CIV. P. 26(b)(3) provides protection for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)," and "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *See*, In *re* Cendant Corp. Securities Litigation, 343 F.3d 658, 662-663 (3rd Cir. 2003). Interrogatory 2c only asks for information about whether the witnesses have been interviewed, when, where, and who did the interview, whether a statement was taken, and the identity of the documents that may contain information about the interview. This subpart did not ask for a communication from a client to counsel seeking legal advice. It did not ask for the transcripts or notes from the interviews. And it did not ask for the mental impressions and thoughts of counsel. FED. R. CIV. P.26(b)(1) provides that: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." An interrogatory seeking the

---

[1] The objection that this interrogatory sought work product and attorney-client privileged information, without more, was enough to preserve the objection. The objection directly related to the questions presented in the interrogatory. A different circumstance usually exists when privilege is interposed in response to a request for production of unknown documents. In that case, the party presenting the privilege objection must identify the allegedly privileged documents with enough specificity so that the opposing party can assess the validity of the objection.

names and addresses of witnesses whom a party has interviewed is not protected work

product.  Castle v. Sangamo Weston, Inc., 744 F.2d 1464, 1467 (11th Cir. 1984).  The

mere identification of documents does not violate the work product rule.  United States

v. Exxon Corp., 87 F.R.D. 624, 638 (D. D.C. 1980).  Nor does the work product privilege

apply to the "existence, description, nature, custody, condition or location of

documents."  Butler v. United States, 226 F.Supp. 341, 343 (W.D. Mo.1964).

> The courts have consistently held that the work product concept furnishes
> no shield against discovery . . . of the facts that the adverse party's lawyer
> has learned, or the persons from whom he has learned such facts, or the
> existence of nonexistence of documents, even though the documents
> themselves may not be subject to discovery.

United States v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 697 (S.D. Fla. 1990),

quoting, WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2023.

Plaintiff also objected that the interrogatory was "overly broad," but in what way?

It is comprehensive, but more is needed to understand the "overly broad" objection

here.  "[I]ntoning the 'overly broad and burdensome' litany, without more, does not

express a valid objection."  Mead Corporation v. Riverwood Natural Resources

Corporation, 145 F.R.D. 512, 515 (D. Minn. 1992).  This is not a valid objection as

presented.

In the initial response, Plaintiff said she would provide all of the information

"which she can recall and is aware of at this time."  Then, for many of the witnesses, in

response to the question that Plaintiff provide the "subject matter of" the witness's

knowledge of the facts related to the claims, Plaintiff stated that the witness has

"knowledge of the discrimination against me," or "knowledge of receiving preferential

treatment by Defendant."  Both of these answers were provided, for example, for Linda

Shea.  If Plaintiff was aware that Linda Shea had information or knowledge of facts related to Plaintiff's claims, then surely she was aware of the "subject matter" of that information or knowledge.  What was it?  How did Linda Shea know it?  In effect, Plaintiff has identified Linda Shea, a person who has information about the facts related to her claims, and then she has said that the subject matter of the information known by Linda Shea about the facts related to her claims is information about her claims. Discovery is supposed to advance the cause.  This did not.

Finally, Plaintiff failed to provide *all* of the information sought in subparts b. and c. of this interrogatory, without explanation or objection.  The motion to compel is granted as to interrogatory 2.

**Interrogatories 3-5**

With one exception, it looks like Plaintiff has provided a sufficient supplemental answer.  Plaintiff states that she does not yet know what she will introduce at trial, and that is the answer to interrogatory 4.  Doc. 20, p. 5.  Plaintiff says that there is no information responsive to interrogatory 5, which means that no "recordings" were made "of Defendant."  *Id.*

Plaintiff asserts a work product privilege with respect to that portion of interrogatory 3 that asks for an explanation of "how each document supports your claims."  Plaintiff states that a supplemental response was served answering all of interrogatory 3 except for this aspect of it.  *Id.*  This is not a contention interrogatory, which might be permitted, because it does not set forth the particular facts and law as to

which the contention of the opposing party is sought.[2]  This aspect of interrogatory 3

seeks the mental impressions of Plaintiff's attorney as to the evidence that might be

contained in the documents.  The motion to compel is denied as to this aspect of

interrogatory 3, and is denied as to the remainder of interrogatory 3 and interrogatories

4 and 5 as moot.

**Interrogatory 9**

Plaintiff did not answer this interrogatory.  Plaintiff interposed boiler-plate

objections, made a conditional promise "subject to the objections" to provide

information, and did not.  Plaintiff argues that this particular interrogatory was not

mentioned during the conferences with Defendant.  Plaintiff has provided a supplement.

---

[2] FED. R. CIV. P. 33(a)(2) provides:

> **(2)** *Scope.*  An interrogatory may relate to any matter that may be inquired into under Rule 26(b).  *An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact*, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

FED. R. CIV. P. 33(a)(2) (emphasis added).

> "Contention" interrogatories are interrogatories that seek to clarify the basis for or scope of an adversary's legal claims. The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required. *See, e.g., Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997); *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996).

Starcher v. Correctional Medical Systems, Inc., 144 F.3d 418, 421 n.2 (6th Cir. 1998),

*aff'd sub nom.* Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 119 S.Ct. 1915,

144 L.Ed.2d 184 (1999).

For the reasons discussed above, I do not find it useful to spend time on whether Defendant conferred as to each and every aspect of this motion to compel.  The motion to compel will be denied as to this interrogatory because it has been mooted by the supplement.

**Interrogatory 11**

The motion to compel is denied because it has been mooted by the supplement.

**Interrogatories 12- 20**

Plaintiff has withdrawn the initial objection that these interrogatories exceeded the limitation provided in Rule 33 of "25 written interrogatories, including all discrete subparts."  Doc. 20, p. 9.  This was a legitimate dispute, however, and one that would have required a decision by the court had Plaintiff persisted with this objection.

Plaintiff states that she has served supplemental responses.  This is interpreted as meaning that supplemental responses were served to interrogatories 17 through 20, mooting the motion to compel as to those interrogatories.  The remainder are addressed below.

Plaintiff objected that interrogatories 12, 14, and 15, were "overly broad."  Plaintiff also objected to interrogatories 12, 14, and 15 based upon possible work product or attorney-client privilege.  While I ordinarily require some explanation as to why a discovery request is "overly broad," interrogatory 12 is plainly so.  The objection as made was sufficient to generate a good faith conferral about the breadth of this question.  To answer this interrogatory, Plaintiff would have to provide Defendant with a trial brief, an opening statement, and a closing argument with respect to the retaliation claim.  The motion to compel is denied as to interrogatory 12.

Interrogatories 14 and 15 are not overly broad.  Statements made to counsel for purpose of seeking legal advice are obviously within the attorney-client privilege, and that objection to this extent need not have been stated with any greater clarity.  Work product is not involved here.  These are steps taken by Plaintiff, not her attorney.  With the exception of any communications with counsel for the purpose of obtaining legal advice, the motion to compel is granted as to interrogatories 14 and 15.

Plaintiff objected to interrogatory 13 because exhibit A was not attached.  Doc. 16, p. 13.  Defendant has moved to compel a response to this interrogatory relative to the "discrete subparts" issue, but has not mentioned the problem of the missing exhibit A.  The request for Plaintiff to sign exhibit A was not a proper interrogatory, but it is a proper and common procedure in discovery.  The motion to compel a signature on exhibit A is denied.  I am confident, however, that this release can be obtained by agreement by the parties.  Plaintiff states that she provided the information necessary to "supplement" this interrogatory, meaning that she answered it.  Doc. 20, p. 10.  The motion to compel is mooted to this extent and therefore the motion to compel a further answer to interrogatory 13 is denied.

Plaintiff objected to interrogatories 16 and 17 as "overly broad in their time frame and thus seek information which is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence."  Doc. 16, p. 13.  This objection as to overbreadth is sufficiently specific to give notice to Defendant and generate a meaningful opportunity for a good faith conferral, and a good faith conferral took place.  The parties disagreed as to interrogatory 16, doc. 20, p. 10, and the matter is properly before me for resolution.

Relevance for purposes of discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).  Although the concept has been narrowed to "any matter, not privileged, that is relevant to the claim or defense of any party," FED. R. CIV. P. 26(b)(1), Plaintiff's employment history could be important to both liability and damages.  It could be relevant to liability if Defendant asserts that its actions were justified by Plaintiff's job performance.  It could be relevant to damages as well, since past work history might be relevant to the question of mitigation of damages. Plaintiff alleges in her complaint that she was first employed with Defendant in 1986. The allegation suggests continuous employment, but that is not certain and probably is not so, given the wording of this interrogatory.  In any event, ten years of prior employment information is not too broad for someone who has had at least 22 years of employment.  The motion to compel as to interrogatory 16 is granted.

Plaintiff represents that she has provided information in response to interrogatory 17 in a supplemental response.  The motion to compel as to interrogatory 17 is denied as moot.

**Requests for production 2, 8-12**

Plaintiff objected that all of these sought documents protected by attorney-client or work product privileges, and no documents were produced.  Doc. 16, p. 16.  Plaintiff states in her response to the motion to compel that during her conference with Defendant before the motion was filed, she told Defendant that all "non-privileged" documents that relate to Plaintiff's claims had been produced, and that the only

documents that had been withheld were communications between Plaintiff and her lawyers.  Doc. 20, p. 11.  Plaintiff states that when she served her supplemental response, she notified Defendant that there were no documents responsive to requests for production 8, 9, and 11.  *Id.*, p. 12.  Plaintiff argues that request for production 10 improperly seeks documents protected by the work product privilege.  *Id.*, p. 13.

Since Plaintiff has produced for inspection and copying all documents responsive to requests for production 2, 8, 9, 11, and 12, or stated that none exist, the motion to compel is denied as to those as moot.

Request for production 10 sought "all documents which you intend to introduce at the trial of this case or which may be used to refresh the recollections of witnesses at depositions or trial."  Doc. 16, p. 15.  The work product objection was proper as to this request for production.  Documents that a party "intends to use at trial" are protected by the work product privilege, at least until the pretrial conference.  Jackson v. Geometrica, Inc., 2006 WL 510059, *2 (M.D. Fla. Mar 2, 2006) (No. 304CV640J20HTS).  However, Plaintiff provided these documents in the supplemental response, and therefore, the motion to compel as to request for production 10 is denied as moot.

**Request for production 14**

This request seeks production of all documents in Plaintiff's possession or control relating to Plaintiff's employment in the past 10 years.  Plaintiff's objection is that the period is too long and thus the request seeks irrelevant material.  That objection was overruled with respect to interrogatory 16, and it is overruled here as well.  The motion is granted as to request for production 14.

**Expenses**

The parties have each prevailed upon some issues, and their positions were reasonably debatable.  Expenses will not be awarded to either party.

Accordingly, it is **ORDERED** that Defendant's motion to compel, doc. 16, is **GRANTED in part** and is **DENIED in part** as set forth above.  With respect to any aspect that has been granted, Plaintiff shall serve a supplemental answer to the interrogatory and produce for inspection and copying the documents sought on or before **May 20, 2008**.

**DONE AND ORDERED** on May 6, 2008.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**